IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

JOHN LEE GENTRY and
ODETTE T. GENTRY,

        Debtors.                                Case No. 05-02156-8-JRL
                                                       Chapter 13

_____

## ORDER

This matter is before the court on the debtors' motion for disbursement. On January 18, 2006, the court conducted a hearing in Wilmington, North Carolina.

The motion is based on insurance proceeds paid to the male debtor as beneficiary of his brother's life insurance policy. On March 17, 2005, the debtors filed a Chapter 13 petition. Subsequent to that date, the male debtor was designated by his brother as the beneficiary of his life insurance policy. The debtor's brother instructed him to hold the proceeds of the policy in trust and disburse the funds equally between the brother's children, Melissa Ross and Kim Herman. On June 30, 2005, the debtor's brother died and his insurance company paid the male debtor life insurance proceeds in the amount of $47,133.22. The debtors delivered the proceeds to the Chapter 13 trustee.

The debtors seek an order directing the trustee to disburse the life insurance proceeds equally to the decedent's children. The trustee objects to the debtors' motion asserting that the proceeds are property of the estate under 11 U.S.C. § 541 and should be added to the debtors' Chapter 13 plan. The trustee also notes that there is no evidence of the decedent's intention to leave the insurance proceeds to anyone other than the male debtor.

Under North Carolina state law, a constructive trust can be imposed on insurance proceeds. In Ballard v. Lance, a grandmother purchased an insurance policy prior to boarding an aircraft, listing two of her grandchildren as beneficiaries. At the time of purchase, she told her daughter that there was only space on the insurance policy for two names and if she died, the proceeds should be distributed to all of the grandchildren. The grandmother subsequently died and the insurance proceeds were paid to the named beneficiaries. The decedent's daughter brought an action for the proceeds on behalf of her children. The North Carolina Court of Appeals found that "a trust may be created although there is no mention of a trust in the [insurance] policy." 6 N.C. App. 24, 28 (N.C. App. 1969). The court imposed a constructive trust on the proceeds for the benefit of all the grandchildren because otherwise, "the result would be contrary to the wishes of their grandmother, . . .and they would be unjustly enriched." Id. at 30.

A constructive trust is an equitable remedy that is imposed "when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest." Sara Lee Corp. v. Carter, 351 N.C. 27, 34-35 (1999). In such cases, "equity converts [the holder of legal title] into a trustee." Id. If a constructive trust is imposed on life insurance proceeds, the intentions of the decedent can be established through the testimony of a witness who was present at the time any oral statements were made. See Ballard, 6 N.C. App. at 27-28.

The court in Ballard v. Lance noted that the trust relationship in that case was created at the inception of the insurance policy. Id. at 30. It found, however, that the critical question in this equitable analysis is whether the named beneficiary knew about the trust. Id. In this case, it is unclear when the debtor's brother created the trust in favor of his children but the male debtor testified that he had knowledge of it before his brother's death. He also testified that the decedent was physically unable to

amend his insurance policy for the benefit of his children.

As the intentions of the decedent would be frustrated by allowing the trustee to keep the insurance proceeds and the estate would be unjustly enriched, the court finds that a constructive trust is imposed on the insurance proceeds for the benefit of the decedent's children. The trust divests the male debtor of legal title to the proceeds and therefore, the proceeds are not property of the estate under § 541. The court directs the trustee to disburse the insurance proceeds in the amount of $47,133.22 to Melissa Ross and Kim Herman equally. Accordingly, the debtor's motion for disbursement is granted.

**So Ordered.**

**Dated:  January 30, 2006**

J. Rich Leonard
United States Bankruptcy Judge